**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 06-107(3) (DWF/SRN) |
| Respondent-Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Ashaunti Quantay Prowell, | |
| Petitioner-Defendant. | |

---

Joseph T. Dixon, III, Assistant United States Attorney, United States Attorney's Office, counsel for Respondent-Plaintiff.

Ashaunti Quantay Prowell, *Pro Se*, Petitioner-Defendant.

Robert D. Miller, Esq., Robert D. Miller & Associates, counsel for Petitioner-Defendant.

---

Petitioner-Defendant Ashaunti Quantay Prowell ("Petitioner-Defendant") has moved the Court pursuant to 18 U.S.C. § 3664 for an order relieving him "of all monetary responsibility" in the aforesaid case. Petitioner-Defendant alleges he does not have the ability to pay the quarterly minimum payment of $25. The United States has opposed the motion.

Based upon the presentations of the Petitioner-Defendant, as well as the United States, the Court having again re-reviewed the file and the status of the Defendant with the Bureau of Prisons, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.      Petitioner-Defendant Ashaunti Quantay Prowell's motion to be relieved from paying any additional restitution or to otherwise temporarily suspend the $25 quarterly payments previously ordered by the Court as part of Petitioner-Defendant's sentence (Doc. No. 111) is **DENIED**.

Dated:  February 18, 2009          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   Judge of United States District Court

**MEMORANDUM**

Pursuant to the Mandatory Victims Restitution Act, the Court imposed a restitution order for $1,900 upon all three defendants for the damage relating to the stolen get-away car.  That Order imposed the restitution amount jointly and severally upon all three defendants.  Such joint and several liability is permitted under federal law.  18 U.S.C. § 3664(h).  Petitioner-Defendant has now requested that this Court discharge any further obligation pursuant to 18 U.S.C. § 3664(k) alleging a material change in his economic circumstances.  The Court respectfully declines to do so.

Although from time to time in co-defendant cases, a joint and several liability order by a court is the most appropriate way to protect the victim of a crime, it may not seem fair to one or more co-defendants who are shouldering the responsibility for other

2

co-defendants. If that is the case, however, a particular defendant has a remedy against the other co-defendants.

Second, the Court finds that Petitioner-Defendant has failed to show any material change in circumstances that would justify either relieving entirely his joint and several liability for the restitution originally ordered or to otherwise reduce the $25 he was ordered to pay on a quarterly basis while in the custody of the Bureau of Prisons.

The Court also notes that it would note that Petitioner-Defendant has been credited with the $827.26 that was removed from his person at the time of his arrest prior to sentencing. Forty-four dollars and forty-five cents of the $827.26 was utilized to fulfill Petitioner-Defendant's $100 mandatory special assessment obligation, and the remainder was applied to his restitution obligation.

For the reasons stated, the Court denies Petitioner-Defendant's request seeking relief from the Court's restitution order.

D.W.F.